# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

EULADEE STOWERS JR,         :
                            :
    Plaintiff,         :
                            :
v.                          :  CASE NO. 3:18-CV-69-MSH
                            :  Social Security Appeal
COMMISSIONER OF             :
SOCIAL SECURITY,            :
                            :
    Defendant.         :

## ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's ("ALJ's") determination, denied Plaintiff's applications for supplemental security income and disability insurance benefits, finding that he is not disabled within the meaning of the Social Security Act and accompanying regulations. Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted. Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam).

"Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The plaintiff bears the initial burden of proving that he is unable to perform his previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). The plaintiff's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic.

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

*Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).[2]  A plaintiff seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1).  In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a plaintiff must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act.  20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a plaintiff is disabled.  *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4).  First, the Commissioner determines whether the plaintiff is working.  *Id.*  If not, the Commissioner determines whether the plaintiff has an impairment which prevents the performance of basic work activities.  *Id.*  Second, the Commissioner determines the severity of the plaintiff's impairment or combination of impairments.  *Id.* Third, the Commissioner determines whether the plaintiff's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing"). *Id.*  Fourth, the Commissioner determines whether the plaintiff's residual functional capacity can meet the physical and mental demands of past work.  *Id.*  Fifth, and finally, the Commissioner determines whether the plaintiff's residual functional capacity, age, education, and past work experience prevent the performance of any other work.  In

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

3

arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ADMINISTRATIVE PROCEEDINGS

Plaintiff Euladee Stowers, Jr. applied for disability insurance benefits and supplemental security income on November 4, 2014, alleging that he became disabled to work on October 1, 2014. Tr. 15. He previously sought benefits in similar applications, filed October 27, 2010, which were denied by an ALJ on October 15, 2012. Tr. 53-66. Plaintiff's current applications were denied initially on March 19, 2015, and on reconsideration on July 17, 2015. He made a timely request for an evidentiary hearing on September 3, 2015, and the hearing was held on April 24, 2017. Plaintiff appeared at the hearing with his attorney and testified, as did an impartial vocational expert ("VE"). Tr. 15. On July 24, 2017, an ALJ again denied his claims for benefits. Tr. 12-29. Plaintiff sought review by the Appeals Council but was denied on April 14, 2018. Tr. 1-6. Having exhausted the administrative remedies available to him under the Social Security Act, Plaintiff seeks judicial review of the Commissioner's final decision denying his claims for benefits.

## STATEMENT OF FACTS AND EVIDENCE

On the date he alleges he became disabled to work, Plaintiff was forty-seven years old and classified as a "younger individual" under the Commissioner's regulations. 20 C.F.R. §§ 404.1563, 416.963; Finding 7, Tr. 22. He has past relevant work as a church

4

janitor, building maintenance worker, forklift operator, and general laborer. Finding 6, Tr. 22.

In conducting the five-step sequential analysis of Plaintiff's claims, the ALJ found, at step two, that he has severe impairments of obesity, degenerative disc disease, gout, hypertension, diabetes, asthma, sleep apnea, hypertension, bursitis, depression, and bipolar disorder. Finding 3, Tr. 17-18. At step three, the ALJ found that these impairments, considered both alone and in combination with one another, neither meet nor medically equal a listed impairment set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1. Finding 4, Tr. 18-19. Between steps three and four, the ALJ assessed Plaintiff to have the residual functional capacity ("RFC") to engage in light work with added exertional, non-exertional, postural, and environmental limitations. Finding 5, Tr. 19-21. After determining, at step four, that this restricted RFC prevents Plaintiff from resuming any of his past relevant work, the ALJ established, through the VE's testimony, that Plaintiff can work as a cashier, sales attendant, or ticket taker and that these jobs are available to him in significant numbers in the national economy. Findings 6, 10, Tr. 22-23. The ALJ therefore found Plaintiff to be not disabled to work. Finding 11, Tr. 23.

## DISCUSSION

Plaintiff asserts that the ALJ erred in giving only little weight to the opinion of what he contends is a treating physician without good cause to do so. Pl.'s Br. 7, ECF No. 13. Plaintiff saw John Cuff, M.D., a neurosurgeon, on March 6, 2017. Tr. 844-850. This is the only time Dr. Cuff saw or examined Plaintiff. Dr. Cuff ordered a lumbar MRI which was conducted on March 24, 2017. Tr. 911-12. He reviewed the results on April 6, 2017,

5

and described his interpretation of the imaging as "nothing dangerous" but "enough to account for back and leg pain and inability to stay on his feet long." Tr. 910. He did not elaborate on what he meant by "long" nor did he express an opinion about any other limitations caused by Plaintiff's condition.

The ALJ gave this opinion "little weight[,]" stating that "it is not supported by the objective evidence." Tr. 21. Given that the record establishes only a single clinical visit by Plaintiff to Dr. Cuff, the doctor is not a treating source whose opinion is entitled to special consideration. *Medina v. Comm'r of Soc. Sec.,* 636 F. App'x 490, 493 (11th Cir. 2016). The ALJ clearly considered it and contrasted the conclusions drawn by Dr. Cuff about Plaintiff's ability to stand with other record evidence which proved, to the ALJ, that Plaintiff retains some ability to stand while working. This is the province of the Commissioner and the Court is prohibited from substituting its judgment for that of the Commissioner. *Cornelius v. Sullivan,* 936 F.2d 1143, 1145 (11th Cir. 1991).

In his step-five analysis, the ALJ posed a hypothetical question to the VE which resulted in the VE identifying three jobs which Plaintiff can do within his restricted RFC. Although represented by counsel at the hearing, Plaintiff made no effort to show that he is unable to perform these jobs when offered the opportunity to question the VE, or otherwise. Tr. 48-51. The Commissioner asserts that the jobs identified offer a sit-stand option as stated by the VE. Plaintiff does not contest that assertion. The Eleventh Circuit has held that the sit-stand option in unskilled work is sufficient to recast the burden of proof on a claimant who contends his inability to stand renders him disabled. *Williams v. Barnhart,* 140 F. App'x 932, 936 (11th Cir. 2005). Plaintiff has not met that burden. There is no

error in the Commissioner of Social Security's determination that Plaintiff retains the residual functional capacity to perform work at a light exertional level.

## **CONCLUSION**

For the reasons stated above, the determination of the Social Security Commissioner is affirmed.

SO ORDERED, this 11th day of January, 2019.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE